# Exhibit 1



**U.S. Department of Justice**

*Nathaniel R. Mendell*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 3, 2021

**BY EMAIL**
William W. Fick, Esq.
Amy Barsky, Esq.
Fick & Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110

David J. Grimaldi, Esq.
David J. Grimaldi, P.C.
925 Massachusetts Avenue
Suite 200
Cambridge, MA 02139

> Re:   United States v. Keith Cousin and Rico Perry
>        <u>Criminal No. 20-10071-ADB</u>

Dear Counsel:

This is in response to your letter of May 10, 2021.  The numbers correspond to the numbers associated with the requests set forth in that letter.

1-2.  The government declines to provide the requested information.  The ATF and BPD reports that have been provided are themselves beyond the scope of the discovery called for by Fed. R. Crim. P. 16 ("Rule 16").  They were provided voluntarily to facilitate the defendants' understanding of the cases against them.  Because the reports themselves are not discoverable, the same is true of the numbers associated with them, as well as any "missing reports from the sequence."

3.  The government's understanding is that there is no such transcript.  The fourth clip of the recording associated with "A-V meeting 1" corresponds to the time after the meeting itself had occurred and the CW was driving by himself after dropping off defendant Cousin.

4.  The government believes it has produced this material.  Undersigned counsel was attempting to do so from a remote location, however.  The government will review its records and, to the extent it has not done so, will produce transcripts with "new Bates numbers."

5.  The SRT report as produced sets forth the actions taken by the SRT personnel on the occasion at issue.  The government does not believe that the identities of the personnel present are relevant or discoverable at this juncture.  Material redacted at the end of the report does not pertain to actions that day or to the conduct of any personnel present and is subject to the investigative and other privileges.

6.  The government declines to produce the requested material as beyond the scope of discovery.

7.  The government has produced the relevant cell phone extractions.  With respect to footnote 1, it is the understanding of undersigned counsel that the Cellebrite extractions themselves do not contain .pdf reports.  Undersigned counsel believes that the material the defendants are describing as ".pdf reports" is information appearing in the extractions themselves, some of which has been reproduced and provided to the defendants in the form of .pdf documents.  To the extent counsel for defendant Perry is having difficulty accessing the extraction of his cell phone provided to predecessor counsel, the government asks the defendant to return to the government the medium on which the extraction was provided so that Lit Tech can determine the nature of the problem and either rectify it or provide the extraction anew.

8-10.  The reports the government previously produced do not come within the ambit of Rule 16 and were provided voluntarily.  The government declines to provide the reports in an unredacted form.  The government believes it has previously provided the attachments set forth at Requests 9 and 10 (in redacted form) but will check to ensure that this was done and provide any attachments not previously provided (again, voluntarily, as their production is not called for under Rule 16).

11.  Rule 16 does not provide for discovery of statements of other individuals.

12.  The government agrees voluntarily to provide with "new Baters numbers" the records from which the call frequency log was generated.

13.  The government is not in possession of any such police reports at this time.

14.  The government will provide the still images of defendant Perry that were provided to the Department of Corrections employee.  The only report memorializing this identification has been produced.  To the extent the defendants are asking in this request for the identity of the employee, this information is not within the scope of Rule 16 and, indeed, the query constitutes an interrogatory, which is a form of discovery not contemplated by said rule.

15.  See CP001055.

16-17.  The government previously has voluntarily provided reports and documents responsive to these requests.  To the extent the requests constitute interrogatories, they seek discovery not provided for in Rule 16.

18.   The government declines to produce such information, if any, as beyond the scope of discovery.

19.   In light of the violent nature of this home invasion, the government declines to provide the precise address at which it took place.

20-21.  The government has provided redacted copies of such reports as ATF had at the time of this investigation.

22.  The government agrees to provide the requested video, the content of which is more accurately described at CP001045.

23.  See response to Requests 1-2.

24.  The government has not investigated the incidents at issue in this request.  ATF had no information during the course of this investigation of which undersigned counsel is aware that indicated defendant Cousin was not involved in these incidents and believes that the same holds true today.

25.  The requested items are beyond the scope of discovery and not in the government's possession.

26.  The government is unaware of this incident and has no such documents, which, in any event, would be beyond the scope of discovery.

27.  This query constitutes an interrogatory not contemplated by Rule 16.

28.  Without confirming or denying where the body recorder was concealed on January 28, 2020, such information falls within the investigative privilege, among other privileges, as would an inspection that revealed such information, and the government accordingly declines to permit such inspection.

29.  The relevant information, which the government believes previously was provided, was obtained by virtue of an ankle bracelet rather than a phone.  (Mr. Santos was subject to electronic monitoring on the date in question.)

30.  Without waiving its objection generally to responding to interrogatories, the government advises the defendants that there were meetings on consecutive days, one on January 7, 2020 that included the UC, the CW, and defendant Cousin, and a second meeting on January 8, 2020, that involved the same participants and also included defendant Perry.

31.  The government declines to provide the requested information as beyond the scope of discovery.

32.  Such material, if any, is not "ow[ing]" at this juncture.

33-34.  The government believes it has provided this material but will check and provide any such material not previously provided.

35.  See response to Request 12.

36-49.  As the government has previously done in the automatic discovery letter dated May 8, 2020, the government declines to produce the requested information at this time in light of the violent nature of the charged crimes and the defendants' violent criminal histories.  Items 44-47 seek information either not discoverable at all or discoverable, at the earliest, as Jencks material at the time the author of the material, or a person who adopted or testified to it, appears as a witness in a federal proceeding and testifies regarding the content of the material.  Request 49 is an interrogatory not contemplated by Rule 16.

50-67.  The defendants have expressed an intent to pursue a claim of selective prosecution and/or selective enforcement.  Because defendant Perry was solicited by defendant Cousin and not the government, the government does not believe that these claims, and thus discovery in aid of these claims, are open to defendant Perry.  In any event, neither defendant has come forward with evidence that even potentially would enable them to seek such discovery, and accordingly the government opposes these requests.

Please call the undersigned Assistant U.S. Attorney at 617-748-3247 if you have any questions.

Very truly yours,

NATHANIEL R. MENDELL
 United States Attorney

By:     /s/Robert E. Richardson
        ROBERT E. RICHARDSON
        Assistant U.S. Attorney

4